IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN BAR ASSOCIATION,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE *et al.*,<br><br>*Defendants*. | Case No. 25-cv-1263-CRC |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE
REGARDING STATUS OF FUNDS**

Plaintiff the American Bar Association (ABA) respectfully submits this response to the briefing schedule proposed in Defendants' Notice Regarding Status of Filing. Defendants ask the Court to treat the ABA's Motion for a Temporary Restraining Order or, in the Alternative, for a Preliminary Injunction, ECF No. 4, as seeking merely a preliminary injunction. And they ask the Court to set a briefing schedule that affords them 15 days to respond to the motion—8 days longer than the default prescribed by this Court's local rules. *See* LCvR 65.1(c).

It appears that Defendants view the ABA's TRO application as less than urgent because they view the ABA as having sufficient funding to keep the Commission on Domestic and Sexual Violence operating without the grant funds at issue in this case. But the ABA is a nonprofit organization. It generates no excess revenue beyond its operating expenses, so all of the ABA's revenue is budgeted to specific purposes. If the ABA were to divert revenue from other purposes, those other purposes would be unfunded, thereby causing other harms to other critical ABA programs. This funding dynamic explains why the ABA's loss of other federal grants and contracts caused the layoffs of more than 300 employees and field staff. *See* Decl. of Maricarmen Garza ¶ 49, ECF No. 4-2.

1

Although the ABA appreciates Defendants' representations that they will not reobligate the funds at issue prior to June 2, the TRO application has become even more urgent since yesterday. As counsel indicated at the scheduling conference, the ABA is paid in arrears for the expenses it incurs under the grants at issue. The ABA has now determined that Defendants have deleted the ABA's account in the financial system that permits those payments in arrears. So absent this Court's intervention, the ABA will not be able to fund even the Commission's April expenses prior to the termination of the grants, or the closeout obligations that DOJ's termination letter itself contemplates.

If Defendants are unprepared to respond on a TRO timetable—or even the Court's default timetable for preliminary-injunction motions—Plaintiff would respectfully request that the Court rule on the pending TRO motion without awaiting Defendants' response.

April 25, 2025                                         Respectfully submitted,

                                                             /s/ Brian D. Netter
Brian D. Netter (D.C. Bar No. 979362)
Christine L. Coogle (D.C. Bar No. 1738913)**
Pooja A. Boisture (NY Bar No. 5104559)**^
Kristin Bateman (CA Bar No. 270913)*^^
Josephine T. Morse (D.C. Bar No. 1531317)
Skye L. Perryman (D.C. Bar No. 984573)

DEMOCRACY FORWARD FOUNDATION
P.O. Box 34553
Washington, D.C. 20043
(202) 448-9090
bnetter@democracyforward.org
ccoogle@democracyforward.org
pboisture@democracyforward.org
kbateman@democracyforward.org
jmorse@democracyforward.org
sperryman@democracyforward.org

*Counsel for Plaintiff*

*\* Full Admission Pending*
*\*\* Admitted Pro Hac Vice*
*^ Admitted only in New York; practice supervised by members of the D.C. bar*
*^^ Admitted only in California; practice supervised by members of the D.C. bar*